IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CARLA FUNDERBURK,** | * |
| Plaintiff, | * |
| v. | *   Case No. RWT 13-cv-1078 |
| **CHOICE HOTELS INTERNATIONAL, INC.,** | * |
| Defendant. | * |

## **MEMORANDUM OPINION AND ORDER**

On April 11, 2013, Plaintiff Carla Funderburk filed a four-count Complaint alleging copyright infringement, invasion of privacy, stalking, and breach of contract against the Defendant Choice Hotels International, Inc. ("Choice Hotels"). Compl. 8–11, ECF No. 1. The Complaint charges that while Funderburk was a guest at the Clarion Inn Hotel in Pocatello, Idaho from May 15–23, 2012, housekeeping staff entered her room, took photographs of her property (including a subsequently copyrighted document), and published the photographs by showing them to another member of the housekeeping staff. *Id.* at 3–8. Funderburk discovered the purported offense because she had installed hidden cameras in her room. *Id.*

On July 15, 2013, Choice Hotels filed a Motion to Dismiss the Complaint for failure to state a claim. ECF Nos. 16–17. On February 11, 2014, the Court denied Choice Hotels's Motion to Dismiss the Complaint as moot and granted Funderburk leave to amend her Complaint under the less stringent *pro se* standard. Order 2, Feb. 11, 2014, ECF No. 28; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (requiring that the courts liberally construe a *pro se* plaintiff's pleadings). On March 13, 2014, Funderburk filed a one-count Amended Complaint alleging only copyright infringement and

unfair competition.  Am. Compl. ¶¶ 5–13, ECF No. 31.  Choice Hotels now moves to dismiss Funderburk's Amended Complaint for failure to state a claim, asserting that Funderburk failed to allege, through agency law, how Choice Hotels (the franchisor) could be held liable for the actions of TQ Pocatello, LLC and TQ Properties, LLC (the franchisee), which owns the Clarion Inn Hotel in Pocatello, Idaho.  Mot. ¶¶ 1–4, ECF No. 34.  Funderburk filed her Opposition in response on April 2, 2014, ECF No. 23, and Choice Hotels filed a letter to the Court on September 15, 2014 requesting a status conference, ECF No. 27.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotations and emphasis omitted).  "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

In *Youngblood v. Higbee*, the Supreme Court of Idaho held that "the combination of an inaccurate description of the [defendant franchisor] coupled with the lack of any allegation that

the franchisor is responsible for the acts of its franchisee," failed to meet notice pleading standards. 182 P.3d 1199, 1203 (Idaho 2008); *Villa Highlands, LLC v. W. Cmty. Ins. Co.*, 226 P.3d 540, 544 (Idaho 2010). The court also found dispositive the plaintiff's failure to oppose summary judgment with sufficient evidence showing that the defendant franchisor had any liability for the actions of its franchisee under agency law. *Youngblood*, 182 P.3d at 1203 n.3. Agency is a relationship resulting from "the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." *See Herbst v. Bothof Dairies, Inc.,* 719 P.2d 1231, 1233 (Idaho Ct. App. 1986) (citing Restatement (Second) of Agency § 1(1) (1958)).

Choice Hotels is a franchisor of hotels throughout the United States. Kreindler Aff. ¶ 3, ECF No. 17-1. Choice Hotels entered into a Franchise Agreement with TQ Pocatello, LLC, TQ Properties, LLC, and Robert M. Quinn on September 30, 2010 for the Clarion Inn Hotel in Pocatello, Idaho. *Id.* ¶ 4 (citing Franchise Agreement 1, 19–20, ECF No. 17-2). According to the terms of the Franchise Agreement, Choice Hotels neither owns nor operates the Clarion Inn Hotel and neither employs nor controls the personnel working at the Clarion Inn Hotel. *See* Franchise Agreement ¶¶ 3, 6.

On February 11, 2014, the Court granted Funderburk leave to amend her Complaint, but cautioned that it must adhere to both Federal Rule of Civil Procedure 8(d), which requires clear and specific facts sufficient to allege liability, and Local Rule 103.6(c), which requires a party to file a redlined copy of the amended pleading. Order 2, Feb. 11, 2014. Funderburk failed to accomplish either of these requirements, and failed to allege, in more than a conclusory fashion, that Choice Hotels should be held vicariously liable under theories of direct or apparent agency. *See* Am. Compl. Ex. H–P, ECF Nos. 31-4–31-12. For example, Funderburk offers as evidence

screen shots of an "Undercover Boss" episode, a reality television show that aired two years before her stay at the Clarion Inn Hotel. *See* Am. Compl. Ex. P, ECF No. 31-12. In this episode of "Undercover Boss," Choice Hotel's Chief Executive Officer Stephen P. Joyce referred to a few franchisee employees (not at the Pocatello, Idaho location) as "employees" and offered them positions with Choice Hotels. *Id.* Funderburk's facts do not state a plausible theory of recovery against Choice Hotels under agency law and are insufficient to raise a right to relief above the speculative level.

Without evidence that Choice Hotels controlled the housekeeping staff who allegedly infringed Funderburk's copyright or that Choice Hotels owned the premises where the alleged wrongdoing occurred, the facts pleaded in the Amended Complaint are insufficient to survive a motion to dismiss. *See* Am. Compl. ¶¶ 17–38. Accordingly, it is, this 5th day of November, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion to Dismiss the Amended Complaint (ECF No. 34) is **GRANTED**; and it is further

**ORDERED**, that the Defendant's Request for Status Conference (ECF No. 37) is **DENIED AS MOOT**; and it is further

**ORDERED**, that judgment for costs be entered in favor of the Defendant; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to close this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE